FILED

July 14 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 10-0404

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 168N

IN THE MATTER OF THE ESTATE OF

LUCILE B. SNYDER,

       Deceased.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDP-92-279(C)
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Steven T. Potts, Attorney at Law, Great Falls, Montana

       For Appellee:

              Robert J. Emmons, Attorney at Law, Great Falls, Montana

Submitted on Briefs:  June 15, 2011

Decided:  July 14, 2011

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lois Snyder (Lois) appeals from the denial of her motion under M. R. Civ. P. 60(b), for relief from the Final Decree of Distribution entered by the District Court on January 16, 2010. Neil Snyder (Neil), personal representative of the estate, argues the appeal should be dismissed because it was untimely filed and this Court lacks jurisdiction to entertain the appeal.

¶3 Lucile Snyder died November 18, 1992. Her will was admitted to probate and Neil was appointed personal representative on November 25, 1992. Lucile's estate has been before this Court on three previous occasions. *See In re Estate of Snyder*, 2000 MT 113, 299 Mont. 421, 2 P.3d 238; *In re Estate of Snyder*, 2007 MT 146, 337 Mont. 449, 162 P.3d 87; and *In re Estate of Snyder* ("*Snyder III*"), 2009 MT 291, 352 Mont. 264, 217 P.3d 1027. Our decision in *Snyder III* remanded the matter for further proceedings consistent with our Opinion, namely, the proper distribution of the remaining estate assets. *Snyder III*, ¶¶ 8, 12.

¶4 Following our remand in *Snyder III*, Neil filed a final accounting and petition for settlement and distribution of the estate on December 22, 2009. On January 16, 2010, a Final Decree of Distribution (Final Decree or Decree) was signed by District Court Judge

2

E. Wayne Phillips, sitting in Lewistown, who had assumed jurisdiction of the matter when Lois moved for substitution of judge after *Snyder III* was decided. The Final Decree was filed by the Cascade County Clerk of District Court on January 20, 2010, and a Notice of Entry of Final Decree of Distribution, along with a copy of the Decree, was personally served upon Lois' counsel by Neil's counsel on January 21, 2010. Real property deeds of distribution and checks made payable to Lois were delivered to Lois' counsel by Neil's counsel on February 2, 2010, along with a Notice of Distribution.

¶5 On February 4, 2010, Lois filed a motion to vacate, alter or amend the Final Decree pursuant to M. R. Civ. P. 52 and 59. Lois' motion challenged the Decree on several grounds, including that the District Court had erred by entering the Decree without notice to interested persons and hearing pursuant to § 72-3-1001(3), MCA, and that her due process rights had been violated. Lois argued that "[t]he Final Decree here is void as to Lois . . . ." The motion was briefed and, when the District Court did not rule on the motion within 60 days, or April 5, 2010, it was deemed denied by operation of law. M. R. Civ. P. 52(d), 59(d). Lois did not appeal from the denial of this motion.

¶6 On May 25, 2010, Lois filed a motion for relief from the Final Decree pursuant to M. R. Civ. P. 60(b)(4) and (6). Lois set forth verbatim the arguments she had made in support of her Rule 52 and Rule 59 motion which had been denied, including that the Decree was entered without notice and hearing under § 72-3-1001(3), MCA, and that her due process rights had been violated. She likewise concluded that "[t]he Final Decree here is void as to Lois . . . ." This motion was briefed and, when the District Court did

not rule on the motion within 60 days, it was deemed denied by operation of law. M. R. Civ. P. 60(c). Lois appealed on August 23, 2010.

¶7 Lois argues that the Decree was entered without statutorily required notice and hearing, and violated her due process rights. She argues that the District Court erred by failing to grant her Rule 60(b) motion on the ground the Decree is void. Neil argues, citing the time provision of M. R. Civ. P. 60(b), that Lois' motion had to be filed "not more than 60 days after" notice of entry of judgment, but that it was filed 124 days after notice of the Decree was served. He argues the appeal is untimely and this Court is without jurisdiction to entertain it. We note, however, that the 60-day time limit under Rule 60(b) applies to motions made "for reasons (1), (2), and (3)" under the Rule, while the motions made for reasons (4) and (6), challenging the judgment as void, must be filed "within a reasonable time." M. R. Civ. P. 60(b).

¶8 We review de novo the denial of a Rule 60(b)(4) motion. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451 (citations omitted) ("[W]here the movant sought relief under subsection (4) of Rule 60(b) on the ground that the judgment is void, the standard of review is de novo, since the determination that a judgment is or is not void is a conclusion of law.").

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law. This Court has jurisdiction to entertain the appeal under cases which have clarified our jurisdiction jurisprudence. *See Miller v. Eighteenth Jud. Dist. Ct.*, 2007 MT 149, ¶ 43, 337 Mont.

4

488, 162 P.3d 121 (distinguishing categorical time prescriptions from jurisdictional provisions). Lois' Rule 60 motion reasserted identical arguments on notice and due process which were denied under her previous post-judgment motion, which was not appealed. Her Rule 60 motion was filed over 120 days after the judgment was entered and after she was notified of the entry of the judgment. Under these circumstances, her motion was not "made within a reasonable time." M. R. Civ. P. 60(b).

¶10 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS